**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-01043-WJM

GARY L. RICH,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

**ORDER AFFIRMING DECISION OF THE COMMISSIONER**

This matter is before the Court on Plaintiff Gary L. Rich's appeal from the final decision of Defendant Michael J. Astrue, the Commissioner of Social Security ("the Commissioner"), denying Plaintiff's application for disability insurance benefits and supplemental security income. Plaintiff has filed his Opening Brief (ECF No. 11), the Commissioner filed a Response (ECF No. 12), and Plaintiff filed a Reply (ECF No. 13). The Commissioner has also filed the administrative record. (ECF No. 8.) On October 14, 2011, this action was reassigned to the undersigned. (ECF No. 14.) After carefully analyzing the briefs and the administrative record, the Court AFFIRMS the final decision of the Commissioner.

**I.  JURISDICTION**

The Court has jurisdiction over this matter under 42 U.S.C. § 405(g).

**II.  BACKGROUND**

Plaintiff was born in 1957 and worked in the past as a cabinet builder and as a

deck hand. (ECF No. 8 at 15, 49, 53-77.) Plaintiff alleged that he became disabled on July 15, 2001, when he was 43 years old, because of a thyroid goiter that caused fatigue and other symptoms. (*Id*. at 49, 53.) He was ultimately assessed with thyroid goiter and Hashimoto's thyroiditis,[1] and treated with medication. (*Id*. at 83-92, 96-97, 102-110.) Plaintiff also underwent surgeries in 2003 and 2004 for hernia repair, appendicitis, and a bowel obstruction. (*Id*. at 116, 157-74.)

In 2003, Plaintiff filed an application for Social Security disability insurance benefits and supplemental security income. (*Id*. at 49-51.) In 2004, Plaintiff's application was denied, and he appealed to this Court. (*Id*. at 24-25, 39-43.) Two remands from this Court and supplemental administrative proceedings followed. (*Id*. at 191-229, 309-319, 341-343.)

On July 9, 2010, Administrative Law Judge E. William Shaffer (the "ALJ") issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id*. at 330-339.) The ALJ made the following findings of fact and conclusions of law (in line with the governing five-part test to determine disability, described *infra*). Under Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (*Id*. at 332.) At Step 2, the ALJ determined that Plaintiff's Hashimoto's thyroiditis was a severe impairment. (*Id*.) Under Step 3, the ALJ found that Plaintiff's impairments did not meet or equal the requirements of any presumptively disabling listed impairment. (*Id*. at 333.) Also under

---

[1] Hashimoto's thyroiditis, or chronic thyroiditis, is a common gland disorder caused by a reaction of the immune system against the thyroid gland. *See* "Hashimoto's thyroiditis" at http://www.nlm.nih.gov/medlineplus/mplusdictionary.

Step 3, the ALJ determined that Plaintiff had a residual functional capacity ("RFC") for light work, as defined in the regulations, and could sit, stand and walk for six hours each out of an eight-hour workday. (*Id.* at 334.)

Under Step 4, the ALJ found that Plaintiff's RFC did not allow him to return to his past relevant work. (*Id.* at 337.) However, under Step 5, as a result of the RFC assessment, and considering Plaintiff's age, education, and work experience, the ALJ held that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (specifically, marker, router (office clerk), and hand packager). (*Id.* at 338, 451-52.)

Plaintiff appealed the ALJ's decision, and the Appeals Council denied his appeal. (*Id.* at 320-24.) Plaintiff then appealed that decision by initiating this administrative appeal on April 20, 2011. (ECF No. 1.)

### III. ANALYSIS

**A.    Standard of Review**

A district court's review of the Commissioner's determination that a claimant is not disabled within the meaning of the Social Security Act is limited. *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497 (10th Cir. 1992). The review is limited to determining whether the Commissioner applied the correct legal standard and whether the Commissioner's decision is supported by substantial evidence. *Id.* at 1497-98; *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla of evidence but

less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F. Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Also, "[t]he failure to apply the correct legal standard or to provide [a reviewing] court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (citation and internal quotation marks omitted); *see also Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) ("[T]he Secretary's failure to apply the correct legal standards, or to show us that [he] has done so, are . . . grounds for reversal."). Although a reviewing court should meticulously examine the record, it may not weigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

**B.    Evaluation of Disability**

The criteria to obtain disability insurance benefits under the Social Security Act are that a claimant meets the insured status requirements, is younger than 65 years of age, and is under a "disability." *Flint v. Sullivan*, 951 F.2d 264, 267 (10th Cir. 1991). The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment [that] can be expected to result in death or [that] has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

There is a five-step sequence for evaluating disability. See 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (describing five-step analysis). If it is determined that a claimant is or is not disabled at any point in the

analysis, the analysis ends. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991). First, the claimant must demonstrate that he or she is not currently involved in any substantial, gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must show a medically severe impairment or combination of impairments that significantly limits his or her physical or mental ability to do basic work activities. *Id.* § 404.1520(c). At the third step, if the impairment matches or is equivalent to an established listing under the governing regulations, the claimant is judged conclusively disabled. *Id.* § 404.1520(d). If the claimant's impairment does not match or is not equivalent to an established listing, the analysis proceeds to a fourth step. *Id.* § 404.1520(e). At the fourth step, the claimant must show that the "impairment prevents [him or her] from performing work [he or she] has performed in the past." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988) (citations omitted); *see also* 20 C.F.R. § 404.1520(f). If the claimant is able to perform his or her previous work, he or she is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is not able to perform his or her previous work, the analysis proceeds to a fifth step. At the fifth step, the Commissioner must demonstrate: (1) that based on the claimant's residual functional capacity, age, education, and work experience, the claimant can perform other work; and (2) the work that the claimant can perform is available in significant numbers in the national economy. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987); *see also* 20 C.F.R. § 404.1520(g).

**C.     Discussion**

    Plaintiff argues that the ALJ erred in assessing his credibility, RFC, medical

source opinions, and his ability to perform jobs existing in significant numbers in the national economy. In response, the Commissioner contends that the ALJ's findings were supported by substantial evidence and free of legal error.

"[T]he final responsibility for determining the ultimate issue of disability is reserved to the [Commissioner]." *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1992); *see also* 20 C.F.R. § 404.1527(e) (medical source opinions on issues reserved to the Commissioner, such as whether a claimant is "disabled" or "unable to work," are not entitled to "any special significance"). "The ALJ, not a physician, is charged with determining a claimant's residual functional capacity [RFC]." *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004). The ALJ is also responsible for weighing the evidence and resolving any conflicts. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971). Further, when determining a plaintiff's credibility and assessing his RFC, the ALJ must consider all of the evidence, both medical and non-medical. *See Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990); 20 C.F.R. § 404.1546 (the ALJ makes the RFC assessment based upon all evidence before him).

The Court holds that the ALJ's findings regarding Plaintiff's credibility and RFC are supported by substantial evidence. The ALJ decided that Plaintiff's statements concerning his impairments and their impact on his ability to work were not entirely credible in light of objective medical evidence and inconsistencies in Plaintiff's testimony. (ECF No. 8 at 334-37.) *See White v. Barnhart*, 287 F.3d 903, 909-10 (10th Cir. 2002) (credibility determination was properly based, in part, on a review of objective medical evidence); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988) (the ALJ

may consider inconsistencies between a claimant's testimony and other evidence). The ALJ considered Plaintiff's reports of fatigue and other complaints in light of the entire medical record, and found them unpersuasive. (ECF No. 8 at 332, 334.) Moreover, the ALJ found that the medical evidence indicated that Plaintiff's impairments responded to and improved significantly with treatment. (ECF No. 8 at 335-37.) *See Kelley v. Chater*, 62 F.3d 335, 338 (10th Cir. 1995) (a condition that can be reasonably controlled by treatment is not disabling). As such, the ALJ's determinations regarding Plaintiff's credibility and RFC are supported by substantial evidence.

Additionally, the ALJ discussed and explained in detail the weight he gave to Plaintiff's medical opinion evidence. (*Id*. at 335-37.) Contrary to Plaintiff's arguments, the ALJ considered the opinions from Plaintiff's treating physicians and decided to give these opinions little weight because they were inconsistent with other evidence, and not supported by objective medical findings. (*Id*.) In contrast, the ALJ gave significant weight to the medical opinion of Dr. Lawrence Campodonico, who reviewed all of the medical evidence through the June 2010 hearing and determined that Plaintiff, despite his impairments, could perform light work. (*Id*. at 337, 428, 435.) *See* 20 C.F.R. § 404.1527(f)(2) (findings by reviewing medical consultants regarding the nature and severity of a claimant's impairment are treated as expert opinions and are entitled to weight). Moreover, the ALJ discussed the medical opinion evidence in light of the record as a whole, and explained the weight he gave those medical opinions. (*Id*. at 334-37.) The ALJ is not required to provide a more detailed analysis as to the weight he gave to medical opinion evidence. *See Oldham v. Astrue*, 509 F.3d 1254, 1258-59

(10th Cir. 2007) (ALJ is not required to "apply expressly" all relevant factors in deciding what weight to give a medical opinion) (citations omitted). Thus, the ALJ's decision rejecting portions of medical opinions offered by Plaintiff's treating physicians is supported by substantial evidence.

Finally, the ALJ's reliance on a vocational expert to determine that an individual with Plaintiff's age, education, and work history could not perform Plaintiff's past relevant work, but could perform light jobs such as marker, router (office clerk), and hand packager, was not error. (ECF No. 8 at 451-52.) The vocational expert provided the codes for those jobs, and the numbers of those jobs available in Colorado and in the national economy. (*Id.*) This evidence supported the ALJ's findings that Plaintiff could perform work existing in significant numbers.[2] *See Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993) (when findings regarding a claimant's impairment are adequately reflected in the ALJ's hypothetical questions to the vocational expert, the vocational expert's testimony constitutes substantial evidence to support the ALJ's related determination). Therefore, the Court finds that substantial evidence supports the ALJ's conclusion that Plaintiff can perform the jobs listed above. *See Hedstrom*, 783 F. Supp. at 556 (stating that "substantial evidence" requires more than a scintilla of evidence but less than a preponderance of the evidence).

---

[2] While the vocational expert stated that Plaintiff's assertion that he needed to take two-hour afternoon naps was inconsistent with full-time work, this limitation was based on Plaintiff's subjective complaints, which the ALJ found not fully credible. (ECF No. 8 at 334, 453.) As such, the ALJ properly did not include this limitation in his assessment of Plaintiff's RFC. (*Id.*) *See Talley*, 908 F.2d at 588 (stating that vocational expert's answers to questions by claimant's counsel that require the vocational expert to assume unestablished facts do not bind the ALJ).

Accordingly, for the reasons stated above, the Courts finds that the ALJ's decision applied the correct legal standards and is supported by substantial evidence.

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby ORDERS that the Commissioner's final decision is AFFIRMED.  Each party shall bear his own attorney's fees and costs.

Dated this 1st day of June, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge